IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| CARRIE PETERSON and<br>CHANDRA J. HOOKS,<br><br>    Plaintiffs,<br><br>    v.<br><br>BAC HOME LOAN SERVICING, LP,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)   3:11cv805-MHT<br>)       (WO)<br>)<br>)<br>) |

**OPINION AND ORDER**

Plaintiffs Carrie Peterson and Chandra J. Hooks brought suit in state court against defendant BAC Home Loan Servicing, LP, alleging misrepresentation of late fees, payment procedures, and insurance requirements for a mortgage. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, BAC removed this case to federal court on diversity-of-citizenship grounds. The plaintiffs move to remand to state court because BAC has failed to satisfy its burden of demonstrating that the $ 75,000 amount-in-controversy requirement for diversity jurisdiction has

been met in this case.  For the reasons that follow, the plaintiffs' remand motion will be granted.

I.

Where, as here, the defendant seeks to remove a case on diversity-jurisdiction grounds and the damages have not been specified by the plaintiffs, the removing defendant "must prove by a preponderance of the evidence that the amount in controversy exceeds the $ 75,000 jurisdictional requirement." Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002).  "A removing defendant bears the burden of proving proper federal jurisdiction."  Id.  The court may not "speculate in an attempt to make up for the notice's failings." Lowery v. Alabama Power Co., 483 F.3d 1184, 1215 (11th Cir. 2007).

II.

BAC holds a mortgage on property held by the plaintiffs in Macon County, Alabama.  Beginning in 2008,

2

the plaintiffs claim that BAC misrepresented certain facts regarding the mortgage agreement. For example, they assert that BAC improperly charged them for property insurance even though the property was adequately insured. During this dispute, BAC threatened the plaintiffs with foreclosure.

In this litigation, the plaintiffs claim misrepresentation, suppression, breach of contract, negligence, wantonness, intentional infliction of emotional distress, trespass, and defamation. They seek compensatory and punitive damages. They do not seek a declaratory judgment voiding the mortgage or an injunction against foreclosure. No foreclosure proceedings are currently pending against the plaintiffs.

## III.

Because the plaintiffs' complaint does not specify the amount of damages sought in this case, the burden is on BAC to establish the jurisdictional amount by a

3

preponderance of the evidence. See Leonard, 279 F.3d at 972.

BAC believes that because the plaintiffs' right to the "peaceful possession and enjoyment of the[ir] property [is] at stake," Mapp v. Deutsche Bank Nat'l Trust Co., 2009 WL 3664118, *3 n.7 (M.D. Ala. Oct. 28, 2009) (Watkins, J.), the amount in controversy is the value of the mortgage note ($ 62,400) or property ($ 70,400). Notice of Removal, Doc. No. 1, at 5.

The plaintiffs respond that the value of the property is not at issue in this litigation. They seek only repayment of the overcharged mortgage fees, emotional distress damages, and punitive damages. They do not seek to invalidate the mortgage agreement in its entirety.

The court recognizes that the determination of the "amount-in-controversy" for a disputed mortgage's value has spawned a variety of approaches. See Mapp, 2009 WL at *1 (describing four different approaches to addressing this question in Alabama federal district courts). This

court, however, has been clear that, when a mortgage's validity is not at stake, the value of the property itself is not the amount in controversy. See White v. Wells Fargo Home Mortgage, 2011 WL 3666613, *3 (M.D. Ala. Aug. 22, 2011) (Thompson, J.) ("But neither the total value of the property, nor [the plaintiffs'] current debt, represents the amount in controversy because [the plaintiffs] do[] not challenge the validity of the mortgage or seek an injunction prohibiting foreclosure."); James v. U.S. Bank Nat'l Ass'n, 2009 WL 2170045 (M.D. Ala. July 17, 2009) (Thompson, J.) (same).

Here, the plaintiffs requested neither declaratory nor injunctive relief.  A judgment for them entered by this court or the Alabama state court would not void the mortgage.  BAC, therefore, cannot count the value of the mortgage for amount-in-controversy purposes.

The court notes that BAC has failed to provide any estimate of the allegedly overpaid fees.  As these fees are the basis for the plaintiffs' compensatory damages

5

claims, the court could properly count them toward the amount-in-controversy requirement. As BAC bears the burden of establishing federal jurisdiction, this court cannot speculate as to what that amount might be. See Lowery, 483 F.3d at 1215 ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.").

Even with the value of the property as the appropriate benchmark, BAC comes up short of the jurisdictional threshold: the property is appraised at $ 70,400. BAC attempts to make up the difference by looking to damages awards in similar cases. Notice of Removal, Doc. No. 1, at 4-6. The court has reviewed the cited decisions and finds them unpersuasive. Indeed, without the value of the mortgage, BAC would need to establish by a preponderance of the evidence that damages in excess of $ 75,000 would be awarded. The court

6

declines to rest jurisdiction solely on an estimate of potential damages.

\* \* \*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs Carrie Peterson and Chandra J.Hooks's motion to remand (Doc. No. 10) is granted and that, pursuant to 28 U.S.C. § 1447(c), this case is remanded to the Circuit Court of Macon County, Alabama for want of jurisdiction.

It is further ORDERED that all other pending motions are left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed.

DONE, this the 6th day of December, 2011.

                    /s/ Myron H. Thompson
                  UNITED STATES DISTRICT JUDGE